[Cite as *State v. Ramsey*, 2013-Ohio-2124.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

MATTHEW D. RAMSEY

     Defendant-Appellant

Appellate Case No.    25264

Trial Court Case No.   2012-CR-0105

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Matthew Ramsey, appeals from his conviction and sentence on three charges of Aggravated Robbery (deadly weapon); two charges of Robbery (use of force); Grand Theft (motor vehicle); Trespass in a Habitation (person present or likely to be present); and Assault (Police Officer). After pleading no contest to the charges, Ramsey was sentenced to a total term of imprisonment of twelve years.

{¶ 2} Ramsey contends that the trial court erred by refusing to rule on his motion for relief from prejudicial joinder of offenses. We conclude that the trial court did not err in refusing to rule on the motion after being notified that the parties wished to enter into a plea bargain. Ramsey was fully informed of his rights under Crim.R. 11(C)(2) after being told of the trial court's refusal to rule on the motion, and chose to proceed with the no contest plea. Ramsey's no contest plea was also knowingly, intelligently, and voluntarily made. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} Ramsey was originally indicted on twelve counts, based on offenses that occurred on January 6, 7, and 9, 2012. In late February 2012, Ramsey filed a motion for relief from prejudicial joinder of offenses. Ramsey contended that separate indictments and separate trials were required because the alleged offenses occurred on three separate dates, with different individuals having been involved. Ramsey, therefore, asked the court to try Counts One through Three separately from Counts Four through Six, and to try Counts Seven through Twelve separately from the other six charges. The State opposed the motion, arguing that Ramsey's

charged offenses were part of a continuing course of conduct.

{¶ 4}    In March 2012, Ramsey's attorney also asked the trial court to order competency and sanity evaluations, and the court agreed.  After receiving the competency evaluations, the trial court concluded that Ramsey was competent to stand trial.  May 23, 2012 Competency Hearing Transcript, p. 3.

{¶ 5}    At the competency hearing, the State informed the judge that the parties had been involved in plea negotiations.  The State extended an offer for Ramsey to plead to Counts One through Four and Six through Nine, and the State would then dismiss the following charges: Count Five with its attached firearm specification; the firearm specification attached to Count One; and Counts Ten through Twelve, which involved charges of spitting on police officers.  In addition, the State offered to agree to a sentencing range of twelve to fifteen years.  The judge advised Ramsey that he would be inclined to impose a sentence on the low end of the range (twelve years), in view of Ramsey's youth.  *Id.* at p. 5.

{¶ 6}    When the trial judge asked if any other issues remained, Ramsey's counsel noted that the motion to sever was still pending.  The judge stated that he would rule on the issue.  However, the judge also expressed a preliminary opinion that severance was not warranted, due to the ongoing, continuous nature of the alleged conduct.  *Id.* at pp. 7-9.  Finally, the judge set a trial date of June 25, 2012, and a final pretrial conference for June 6, 2012.

{¶ 7}    On June 6, 2012, the parties appeared before the court for a final pretrial conference, at around 10:00 a.m.  At that time, the plea bargain was again outlined, and the court again stated that it was willing to impose a twelve-year sentence.  After this discussion, Ramsey asked if he could plead no contest and have the trial court rule on the motion to sever.  In

response, the trial judge said that he would not rule on the motion to sever if Ramsey were going to enter a plea, because there would be no need to do so. Transcript of Final Pretrial Conference, pp. 3-4.

{¶ 8} Defense counsel then stated that Ramsey would accept the plea agreement and would plead no contest to the included charges. *Id.* at p. 4. The matter was subsequently continued until the afternoon in order to accommodate defense counsel's schedule. The parties appeared again, at around 2:16 p.m., so that the court could take Ramsey's no contest plea.

{¶ 9} At the plea hearing, the trial court once again outlined the plea bargain, which contained the same terms that had been previously discussed. The only difference is that the court now specifically stated that it would structure the sentence so that Ramsey would serve a total term of imprisonment of twelve years. June 6, 2012 Transcript of Plea Hearing, pp. 6-7.

{¶ 10} After outlining the terms of the plea agreement, the court ascertained that Ramsey was entering the plea voluntarily. *Id.* at pp. 9-10. The State discussed the various charges to which Ramsey was pleading, and the court further verified that Ramsey was aware of the following matters: the charges; the potential punishment for each offense; Ramsey's ineligibility for community control sanctions; and the various post-release control requirements. *Id.* at pp. 10-21. In addition, the trial court fully discussed the effect of Ramsey's no-contest plea and the rights that he would be surrendering. *Id.* at pp. 21-22.

{¶ 11} Ramsey then entered his no contest plea, and the trial court found him guilty. *Id.* at pp. 22-24. The court set the matter down for a sentencing hearing on June 20, 2012. The issue of the motion to sever was not mentioned during either the plea hearing or the sentencing hearing.

**{¶ 12}** At the sentencing hearing, the court sentenced Ramsey to a total of twelve years in prison, to payment of court costs, and to an order of restitution in the amount of $427.51. Ramsey appeals from his conviction and sentence.

## II.   Did the Trial Court Err in
## Refusing to Rule on the Motion to Sever?

**{¶ 13}** Ramsey's sole assignment of error states as follows:

> The Trial Court Erred by Refusing to Rule on Defendant-Appellant's Motion for Relief from Prejudicial Joinder of Offenses.

**{¶ 14}** Under this assignment of error, Ramsey contends that the trial court is required to rule on motions to sever prior to trial.   Ramsey further contends that he could not knowingly, intelligently, or voluntarily enter a plea without a ruling on the motion.

**{¶ 15}** In response, the State argues that Ramsey knew about the trial court's refusal to rule before he entered his no contest plea, and still chose to enter the plea.   In addition, the State maintains that Ramsey cannot show prejudice that resulted from the trial court's decision, because nothing in the record suggests that Ramsey would not have accepted the State's offer if the trial court had first ruled on the motion to sever.   Likewise, nothing in the record suggests that the State would have kept the offer open after the trial court issued a ruling.

**{¶ 16}** Crim.R. 8(A) permits joinder of offenses in the same indictment "in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, * * * are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

However, Crim.R. 14 provides that:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires.

{¶ 17} "The law favors the joinder of defendants and the avoidance of multiple trials because joinder conserves judicial and prosecutorial time, lessens the expenses of multiple trials, diminishes the inconvenience to witnesses, and minimizes the possibility of incongruous results from successive trials before different juries." *State v. Payne*, 10th Dist. Franklin Nos. 02AP-723 and 02AP-725, 2003-Ohio-4891, ¶ 27, citing *State v. Thomas*, 61 Ohio St.2d 223, 225, 400 N.E.2d 401 (1980). Although severing offenses might not cause inconsistent trial results, since a defendant might be guilty of some offenses and not others, the remaining reasons favoring joinder apply to joinder of offenses. In order "for an appellate court to reverse a trial court's ruling denying a motion for severance, the defendant must demonstrate that the trial court abused its discretion." *Id.*

{¶ 18} As was noted, Ramsey filed a motion to sever the offenses, and the State opposed the motion. The trial court had not yet ruled on the motion before Ramsey agreed to plead no contest, and, in fact, indicated that ruling on the motion was not necessary at that point.

{¶ 19} Crim.R. 12(C) outlines several motions that must be filed by a defendant prior to trial, including motions to sever, which are included under Crim.R. 12(C)(5). In addition, Crim.R. 12(F) provides that "[a] motion made pursuant to divisions (C)(1) to (C)(5) of this rule

shall be determined before trial."

{¶ 20} The fact that the trial court must determine the severance issue before trial is irrelevant, because the case did not proceed to trial. If Ramsey had elected to reject the plea agreement and proceed to trial, the court would have been required to dispose of the motion. Instead, after learning of the trial court's refusal, Ramsey chose to plead no contest to the charges and to receive the benefit of the plea bargain.

{¶ 21} The only pertinent issue is whether Ramsey's plea was made knowingly, intelligently, and voluntarily. In this regard, the Supreme Court of Ohio has stressed that "[a] criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. The court further noted that "[t]he exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." (Citation omitted.) *Id.*

{¶ 22} Before a trial court can accept a plea of no-contest, the court must comply with the requirements of Crim.R. 11(C)(2). *Id.* at ¶ 27. In *Clark*, the Supreme Court of Ohio observed that under Crim.R. 11(C)(2):

> [T]he trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the

sentencing hearing," (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact. *Clark* at ¶ 27, citing Crim.R. 11(C)(2)(a) through (c).

{¶ 23}  After reviewing the transcript of the plea hearing, we conclude that the trial court fully complied with Crim.R. 11(C)(2), and that Ramsey's plea was knowingly, intelligently, and voluntarily made. Ramsey's choice to plead no contest was made with full awareness that the trial court had elected not to rule on the motion to sever, and with full knowledge of the matters that must be explained under Crim.R. 11(C)(2).

{¶ 24}  Accordingly, the trial court did not err in refusing to rule on the motion to sever the offenses. Ramsey's sole assignment of error is overruled.

## III.  Conclusion

{¶ 25}  Ramsey's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Lori R. Cicero
Hon. Michael Tucker